# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50254
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANGEL MARTINEZ-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1137

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Angel Martinez-Rodriguez (Martinez), appeals the sentence imposed after he pleaded guilty to one count of being in the United States illegally after being deported. He asserts that his sentence was substantively unreasonable because the district court improperly applied the sentencing factors of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50254

In the district court, Martinez did not object to the substantive reasonableness of the sentence.  Martinez argues that such an objection is not required to preserve the substantive reasonableness of a sentence for review, but he acknowledges that this argument is foreclosed by circuit precedent.  Accordingly, we review the substantive reasonableness of the sentence for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Because the sentence was within the correct guidelines range, it is presumed reasonable.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Martinez argues that his sentence is not entitled to a presumption of reasonableness because the illegal reentry Guideline lacks an empirical basis.  Such "empirical basis" arguments are foreclosed, as he concedes.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Otherwise, Martinez asserts that the sentence was greater than necessary to provide just punishment, to provide adequate deterrence, and to protect the public.  He argues that the court overrated the seriousness of the offense and his criminal history, which consisted only of convictions too old to be scored.  He also argues that the court gave inadequate weight to his personal history, particularly his motive for returning to United States.  Ultimately, Martinez merely asks us to substitute his assessment of the sentencing factors for the district court's, which is directly contrary to the deferential review dictated by *Gall v. United States*, 552 U.S. 38, 51 (2007).  Martinez's disagreement with the sentence does not rebut the presumption of reasonableness.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  He has not shown that his sentence was unreasonable or plainly erroneous.  *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92.

The judgment is AFFIRMED.